**SO ORDERED.**

**SIGNED this 02 day of December, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

SATEESH KUMAR NARLA,   CASE NO. 11-02193-8-JRL
                        CHAPTER 7
    DEBTOR.

## ORDER

This matter came before the court on the Bankruptcy Administrator's motion to dismiss the case for abuse. A hearing was held on December 1, 2011, in Raleigh, North Carolina.

Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on March 23, 2011. The Bankruptcy Administrator filed a motion of presumed abuse on June 20, 2011. The initial hearing on the motion to dismiss for abuse was set for September 6, 2011. Counsel for the Bankruptcy Administrator filed an unopposed motion to continue due to a conflict with a hearing before another judge, and the case was continued until December 1, 2011. The court was never put on notice that a continuance of this length would cause hardship for the debtor, nor was any request made to expedite the hearing. At the December hearing the debtor was not present. According to his counsel, he has returned permanently to his native country of India with no plans to return to the United States.

The Bankruptcy Administrator does have the evidentiary burden to prove abuse as the party seeking the dismissal. In re Lipford, 397 B.R. 320, 326 (Bankr. M.D.N.C. 2008); *see also* COLLIER ON BANKRUPTCY 9-1017.07 (16th ed. 2011). The 1987 Advisory Committee Note to Bankruptcy Rule 1017 indicates that a failure to attend the hearing is not a sole ground for dismissal under § 707(b). FED. R. BANKR. P. 1017(e) advisory committee's note (1987). However, this debtor's permanent absence from the jurisdiction makes it impossible for the Bankruptcy Administrator to offer evidence about the totality of the circumstances of the debtor's financial condition.

Section 707(b)(3) of the Bankruptcy Code allows the court to consider if the "totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." Here, the circumstances demonstrate abuse. The debtor voluntarily filed this case, then left this jurisdiction while the motion to dismiss for abuse was pending. He did not inform the court, ask for an expedited hearing, or seek permission to testify at the hearing remotely. It was amply clear from the motion and response that resolution of this issue would turn on his examination and cross-examination. On these facts, it would be completely inequitable to deny the motion because the Bankruptcy Administrator cannot meet her burden of proof.

Under the totality of the circumstances, the court finds abuse under § 707(b)(3). Based on the foregoing, the Bankruptcy Administrator's motion to dismiss for abuse is **GRANTED**.

**END OF DOCUMENT**